UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| SCOTT BRADSHAW,<br><br>　　Plaintiff,<br><br>v.<br><br>NANCY BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>　　Defendant. | Civil No. 3:14-CV-01829-JO<br><br><br>ORDER AWARDING ATTORNEY FEE<br>PURSUANT TO 42 U.S.C. § 406(B)(1) |

Plaintiff Scott Bradshaw brought this action for judicial review of a decision by the Commissioner of Social Security denying his application for disability benefits under the Social Security Act. Based on a stipulation of the parties, this court reversed and remanded the Commissioner's decision for further proceedings. Bradshaw applied for attorney fees under the Equal Access to Justice Act and received an award in the amount of $6,582,35.

In the administrative proceedings after remand, the Commissioner found Bradshaw disabled beginning in December 2010 and awarded past-due benefits for the period from December 2010 through March 2017. The matter is now before the court on Bradshaw's unopposed motion for attorney fees under 42 U.S.C. § 406(b). [# 31] The motion is granted.

Bradshaw's counsel seeks attorney fees in the amount of $23,502.25, to be paid from Bradshaw's retroactive benefits, which total approximately $94,000. Under 42 U.S.C. § 406(b), the court may award a reasonable attorney fee, not to exceed 25 percent of the past-due benefits

awarded to the claimant. To the extent a contingency fee agreement does not provide for fees exceeding 25 percent of the claimant's past-due benefits, its terms are enforceable subject to the district court's review to assure the fee is reasonable in a particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The claimant's counsel bears the burden of showing the reasonableness of the requested fee.

The Court of Appeals for the Ninth Circuit applied the *Gisbrecht* reasonableness standard to resolve three consolidated appeals in *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009). The court found it significant that in each case, the claimant signed a contingency fee agreement providing that the attorney would receive 25 percent of the past-due benefits, there was no substandard performance to justify a reduction in the fee, there was no evidence of dilatory conduct on the part of the petitioning attorneys, and the requested amounts were not excessively large in relation to the benefits received by the claimant. *Crawford*, 586 F.3d at 1150-1151. The court concluded that the requested fees were reasonable.

In this case, Bradshaw entered into a contingency fee agreement providing that his attorney would receive 25 percent of any past-due benefits recovered. In the present motion, the fee requested is indeed 25 percent of Bradshaw's award for past-due benefits. I have considered the factors identified in *Gisbrecht* and *Crawford* and find no basis for a reduction for substandard performance or dilatory conduct. The amount requested is not excessively large relative to the benefit achieved for Bradshaw. I conclude that the requested fee is reasonable.

In the event that both an EAJA fee and a fee under section 406(b) are approved by the court, the claimant's attorney must refund the smaller amount to the claimant. *See Gisbrecht*,

535 U.S. at 796. Accordingly, the fee approved today must be reduced by the amount of the previous EAJA fee award, $6,582,35. The net fee due to Bradshaw's counsel is $16,919.90.

For the foregoing reasons, the plaintiff's motion for an award of attorney fees [# 31] is GRANTED.

IT IS SO ORDERED this 28th day of June, 2017.

_____
ROBERT E. JONES, SENIOR JUDGE
UNITED STATES DISTRICT COURT